In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

RECEIVED
USDC CLERK. CHARLESTON, SC

2006 JAN 18 A 11: 08

| | |
|---|---|
| Ricky Lafayette Murray, #104571,<br><br>               Petitioner,<br><br>vs.<br><br>E. Richard Bazzle, Warden of Perry Correctional Institution; and Henry D. McMaster, Attorney General of South Carolina,<br><br>               Respondents. | Civil Action No. 9:05-2433-DCN-GCK<br><br>REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE |



## I. INTRODUCTION

The Petitioner, Ricky Lafayette Murray ("Petitioner" or "Murray"), a state prisoner proceeding without the assistance of counsel, a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief under Title 28, United States Code, Section 2241. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION

Murray presently is incarcerated in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. Murray filed this Petition for a writ of habeas corpus (the "Petition") on August 22, 2005 against E. Richard Bazzle, Warden of PCI, and Henry McMaster, the Attorney General of the State of South Carolina. [1-1]. Murray is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.  BACKGROUND TO THE CASE

During the January 1981 term of grand jury for Greenville County, Murray was indicted for kidnaping, armed robbery, and conspiracy. He was represented by Weyman Dodson, Esquire. On April 13, 1981, Murray pled guilty as indicted and was sentenced by the Honorable William H. Ballenger to life imprisonment for kidnaping, twenty-one (21) years concurrent imprisonment for armed robbery, and five (5) years concurrent imprisonment for conspiracy.

On June 12, 1981, Petitioner waived presentment to the grand jury and pled guilty to the following indictments: burglary (80-GS-23-3286), two counts of assault and battery with intent to kill ("ABIK") (80-GS-23-3287 & 3289), pointing a firearm (80-05-23-3288), larceny and receiving stolen goods (80-GS-23-3294), and housebreaking and larceny (80-GS-23-203). He was sentenced by the Honorable Frank Eppes to twenty (20) years imprisonment. Petitioner did not appeal his convictions or sentences.[1]



On April 20. 1992, Petitioner was released to parole by the South Carolina Board of Probation, Parole, and Pardon Services (the "Board").[2] In an arrest warrant issued March 6, 2000, and served on March 12, 2000, Petitioner was charged with violating several conditions of

---

[1]    See November 14, 2002, Return to Application for Post-Conviction Relief ("PCR"), attached to Respondents' Return. [8-1]

[2]    See April 20, 1992, Certificate of Parole, attached to Respondents' Return. [8-1]

his parole.[3] On June 14, 2000, a parole violation hearing was held before a three member panel of the Board, after which the Board decided to revoke Petitioner's parole.[4]

On December 21, 2000, Petitioner challenged his parole revocation by filing a Post-Conviction Relief ("PCR") Application in the Greenville County Court of Common Pleas (2000-CP-23-7501). In his PCR Application, he alleged that his parole was unlawfully revoked, that his due process rights were violated at his revocation hearing, and that his parole revocation was in violation of the United States Constitution.[5] The State filed a Return on November 14, 2002, requesting an evidentiary hearing on the matter of Petitioner's parole revocation.[6] In an Order dated September 15, 2003, the Honorable Larry R. Patterson denied and dismissed the Application for PCR with prejudice without holding an evidentiary hearing.[7] Thereafter, Petitioner timely filed a Petition for Writ of Certiorari which challenged the dismissal. In a Memorandum Opinion filed June 6, 2005, the South Carolina Supreme Court reversed the PCR court's decision and remanded the case for an evidentiary hearing. The Remittitur was sent down on June 23, 2005.[8]

According to the Respondents, Petitioner's PCR hearing was listed on a roster of PCR hearings scheduled to begin Monday, November 14, 2005, in the Pickens and Greenville County Courthouses. Petitioner's PCR hearing was scheduled to be held on November 18, 2005 before

---

[3] See March 6, 2000, Parole Arrest Warrant and April 24, 2000, Violation Report, both attached to Respondents' Return. [8-1]

[4] See Transcript of Parole Revocation Hearing and Parole Revocation Order dated June 14, 2000, attached to Respondents' Return. [8-1]

[5] See December 15, 2000 PCR Application, attached to Respondents' Return. [8-1]

[6] See State's Return to Application for Post-Conviction Relief dated November 14, 2002, attached to Respondents' Return. [8-1]

[7] See September 15, 2003 Order of Dismissal, attached to Respondents' Return. [8-1]

[8] See June 6, 2005 Memorandum Opinion and June 23, 2005, Remittitur, both attached to Respondents' Return. [8-1]

the Honorable D. Garrison Hill.[9] As mentioned above, however, Petitioner filed his Petition for a writ of habeas corpus on August 22, 2005. [1-1]

## IV. DISCUSSION

As the above history of this case indicates, Petitioner has not yet completely exhausted his state court remedies and thus has prematurely filed this Petition. It is well-settled that exhaustion of state court remedies is required prior to filing a federal habeas corpus petition. *See, e.g.,* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998), *citing* Wainwright v. Sykes, 433 U.S. 72 (1977); *see also* 28 U.S.C. § 2254(b)(1) (codifying the exhaustion doctrine under the AEDPA). This Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA, which amended Section 2254. The Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.][10]



In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann.

---

[9]   See October 10, 2005 Cover Letter and PCR Roster for Greenville County and Pickens County from Assistant Attorney General Karen C. Ratigan to the Honorable Lejette H. Gatlin and the Honorable Paul B. Wickensimer, both attached to Respondents' Return. [8-1]

[10]  Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

§§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), *citing* S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

In South Carolina, allegations that parole was unlawfully revoked may be raised for consideration in a PCR action. *See* S.C. Code Ann. § 17-27-20(a)(5)(2003). Therefore, Petitioner has adequate and available state remedies which must be exhausted before he can pursue federal habeas corpus relief. As Petitioner acknowledged in his September 14, 2005, Answers to this Court's Special Interrogatories, Petitioner will make the same arguments in his evidentiary hearing in his pending PCR case in State court as he has raised in the present Petition for habeas corpus review. Respondents argue, and this court agrees, the Petitioner has failed to exhaust his state remedies prior to filing suit, and therefore this Petition should be dismissed on the grounds that it was prematurely filed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petitioner's Petition [1-1] should be denied without prejudice and Respondents' Motion for Summary Judgment [9-1] **should be granted.**

George C. Kosko
United States Magistrate Judge

/-17-, 2006

Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

> **resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
